UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Marco S., <br><br> Petitioner, <br><br> v. <br><br> Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; and David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*, <br><br> Respondents. | File No. 26-cv-930 (ECT/ECW) <br><br> **OPINION AND ORDER** |

Lauren M. Rossitto, Erickson Zierke Kuderer & Madsen, P.A., Fairmont, MN; and Thomas C. Brock, Erickson Zierke Kuderer & Madsen, P.A., Minneapolis, MN, for Petitioner Marco S.

Ana H. Voss and Trevor Brown, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, and David Easterwood.

Petitioner Marco S. is an Ecuadorian citizen who "has a pending asylum application and presented at the border" with his wife, "after which they were released into the [United States]." Am. Pet. [ECF No. 5] ¶¶ 12–13. The dates on which Marco entered the United States or applied for asylum have not been provided, either by Marco or Respondents. Marco "does not have a final order of removal." *Id.* ¶ 13. On January 31, 2026, Immigration and Customs Enforcement ("ICE") arrested Marco outside of his home in Minneapolis, Minnesota, as part of "Operation Metro Surge." *Id.* ¶¶ 12, 15, 17. The

Petition alleges, "[u]pon information and belief," that Marco "was not presented with a warrant." *Id.* ¶ 15. Again, "[u]pon information and belief," that Marco "has been brought to the Whipple." *Id.* ¶ 19. Respondents do not dispute the Petition's facts. *See* ECF No. 7.

Marco challenges his detention under 28 U.S.C. § 2241. Pet. ¶ 2. He claims he has been wrongly classified as a § 1225(b)(2) detainee (whose detention is mandatory) rather than a § 1226(a) detainee (whose detention is discretionary and who is entitled to a bond hearing). Pet. ¶¶ 26–30; *see Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (explaining legal framework). According to Marco, that misclassification and denial of a bond hearing violate his right to due process under the Fifth Amendment, the Immigration and Nationality Act, and the Administrative Procedure Act. *See* Pet. ¶¶ 31–47. Marco seeks issuance of a writ of habeas corpus requiring his release unless he is provided a bond hearing under 8 U.S.C. § 1226(a); an order enjoining Respondents from transferring him outside of this District during the pendency of his Petition, and if he has been transferred outside of Minnesota, that he be transported back to Minnesota and released here; issuance of an order of release including conditions to ensure Marco's safety, advance notice to counsel, and a return of Marco's personal effects; issuance of an order of release that enjoins respondents from implementing any condition of release; reasonable attorneys' fees and costs; and "any other and further relief that this Court may deem just and proper." Pet. at 16–17.

Acknowledging that the Petition "raises legal and factual issue similar to those in prior habeas petitions this Court has decided," Respondents argue that Marco's Petition

2

fails on the merits for the same reasons set forth in the appeal of *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539 (D. Minn. Oct. 21, 2025), *appeal docketed*, No. 25-3248 (8th Cir. Nov. 10, 2025).  *See* ECF No. 7 at 1.  This raises an issue of statutory interpretation[1] that courts in this District have repeatedly considered and rejected, and it will be rejected here as well.

Marco has shown he has been misclassified under § 1225(b)(2) rather than § 1226(a).  As courts have explained, the former statute applies to applicants "seeking admission," and the latter to "aliens already in the country."  8 U.S.C. § 1225(b)(2)(A); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. § 1226(a) and (c)); *see Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-cv-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-cv-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *Andres R.E. v. Bondi*, No. 25-cv-3946 (NEB/DLM), 2025 WL 3146312, at *2–3 (D. Minn. Nov. 4, 2025); *E.M. v. Noem*, 25-cv-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-cv-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025).  As of this writing,

---

[1]   To the extent Respondents challenge this Court's subject-matter jurisdiction to consider Marco's Petition, consistent with previous rulings on this issue, I find that the jurisdiction-stripping provisions of § 1252(a)(5), (b)(9), and (g) do not apply to "the narrow question whether a noncitizen is subject to discretionary detention under 8 U.S.C. § 1226 or mandatory detention under § 1225(b)(2)."  *Fernando F.P.D. v. Brott*, No. 25-cv-4455 (ECT/ECW), 2025 WL 3675151, at *2 (D. Minn. Dec. 17, 2025) (citing cases).

only one federal court of appeals has ruled on the question, and it reached the same conclusion. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, (7th Cir. 2025). Marco's detention falls under § 1226(a) and not § 1225(b)(2).[2]

The final issue is the appropriate remedy. Section 1226 provides that "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained." 8 U.S.C. § 1226(a) (emphasis added). "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *Chogllo Chafla v. Scott*, --- F. Supp. 3d ---, No. 2:25-cv-00437, 2025 WL 2688541, at *11 (D. Me. Sep. 21, 2025), *appeal filed* (Nov. 7, 2025). "[I]t follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Id.* (emphasis in original); *accord Chiliquinga Yumbillo v. Stamper*, No. 2:25-cv-00479, 2025 WL 2783642, at *5 (D. Me. Sep. 30, 2025); *J.A.C.P. v. Wofford*, No. 1:25-cv-01354, 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025); *see also Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023) (stating § 1226 "is not even triggered unless an arrest warrant is issued" and that "[i]f [an] alien has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered"), *appeal dismissed*, 2023 WL 5212561 (11th Cir. July 11, 2023). Here, the Petition alleges that Marco was arrested without a warrant. Pet. ¶ 15. Respondents were ordered to include in their answer "[w]hether the absence of a warrant preceding [Marco's] arrest necessitates [Marco's] immediate release." *See* ECF No. 3 at 2. Respondents have

---

[2]   Respondents do not argue that Marco is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c), or that any other statutory scheme other than that raised in the Petition would apply to Marco's detention. *See* ECF No. 7.

4

not produced a warrant, nor have they advanced any specific argument that Marco's release is an unwarranted remedy.  *See* ECF No. 7.

"[R]elease is an available and appropriate remedy" for "detention that lacks a lawful predicate."  Order on Petition for Writ of Habeas Corpus at 6, *Vedat C. v. Bondi*, No. 25-cv-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025), ECF No. 9 (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)).  "Where the record shows Respondents have not identified a valid statutory basis for detention in the first place, the remedy is not to supply one through further proceedings."  *Id.*; *see Chogllo Chafla*, --- F. Supp. 3d ---, 2025 WL 2688541, at *11 ("Since the Government did not comply with the plain language of section 1226(a), [petitioners'] immediate release is justified."); *J.A.C.P.*, 2025 WL 3013328, at *8 (same); *Chiliquinga Yumbillo*, 2025 WL 2783642, at *5 (reaching same conclusion); *see also Munaf*, 553 U.S. at 693 ("Habeas is at its core a remedy for unlawful executive detention.  The typical remedy for such detention is, of course, release." (citation modified)).[3]

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Petitioner Marco S.'s Amended Verified Petition for Writ of Habeas Corpus [ECF No. 5] is **GRANTED** as follows:

1. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2. Respondents shall release Petitioner from custody as follows:

---

[3] The resolution of this statutory-interpretation question in Marco's favor makes it unnecessary to address the Petition's remaining grounds.

5

    a. If Petitioner remains detained in Minnesota, Respondents shall release Petitioner from custody as soon as practicable, but not later than 48 hours after entry of this Order.

    b. If Petitioner has been moved outside of Minnesota, as soon as practicable, but not later than 72 hours after entry of this Order, Respondents shall return Petitioner to Minnesota and then release Petitioner from custody.

    **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 3, 2026, at 5:35 p.m.   s/ Eric C. Tostrud
                  Eric C. Tostrud
                  United States District Court